**SO ORDERED.**

# TIFFANY & BOSCO
## P.A.
**2525 EAST CAMELBACK ROAD**
**SUITE 300**
**PHOENIX, ARIZONA 85016**
**TELEPHONE: (602) 255-6000**
**FACSIMILE: (602) 255-0192**

**Dated: December 01, 2010**

_____
**REDFIELD T. BAUM, SR**
**U.S. Bankruptcy Judge**
_____

Mark S. Bosco
State Bar No. 010167
Leonard J. McDonald
State Bar No. 014228
Attorneys for Movant

10-30771

## IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| IN RE: | No. 2:10-BK-33953-RTB |
| Christopher A. Lason and Melissa L. Lason<br>Debtors. | Chapter 7 |
| U.S. Bank National Association, as Trustee for<br>Credit Suisse First Boston HEAT 2005-6<br>Movant,<br>vs. | ORDER<br><br>(Related to Docket #8) |
| Christopher A. Lason and Melissa L. Lason,<br>Debtors, Jill H. Ford, Trustee.<br><br>Respondents. | |

Movant's Motion for Relief from the Automatic Stay and Notice along with the form of proposed

Order Lifting Stay, having been duly served upon Respondents, Respondents' counsel and Trustee, if any,

and no objection having been received, and good cause appearing therefore,

IT IS HEREBY ORDERED that all stays and injunctions, including the automatic stays imposed

by U.S. Bankruptcy Code 362(a) are hereby vacated as to Movant with respect to that certain real property which is the subject of a Deed of Trust dated April 6, 2005 and recorded in the office of the Maricopa County Recorder wherein U.S. Bank National Association, as Trustee for Credit Suisse First Boston HEAT 2005-6 is the current beneficiary and Christopher A. Lason and Melissa L. Lason have an interest in, further described as:

> LOT 7, SAGEWOOD, A SUBDIVISION RECORDED IN BOOK 552 OF MAPS, PAGE 10, RECORDS OF MARICOPA COUNTY, ARIZONA,

IT IS FURTHER ORDERED that Movant may contact the Debtors by telephone or written correspondence regarding a potential Forbearance Agreement, Loan Modification, Refinance Agreement, or other Loan Workout/Loss Mitigation Agreement, and may enter into such agreement with Debtors. However, Movant may not enforce, or threaten to enforce, any personal liability against Debtors if Debtors' personal liability is discharged in this bankruptcy case.

IT IS FURTHER ORDERED that this Order shall remain in effect in any bankruptcy chapter to which the Debtor may convert.